UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BLACK MOUNTAIN EQUITIES, INC., <br><br> Plaintiff, <br><br> -against- <br><br> PACIFIC GOLD CORP., <br><br> Defendant. | Docket No. 2:12-cv-01285-ES-CLW <br><br> DECLARATION |

TROY RILLO, declares under the penalties of perjury, pursuant to 28 U.S.C. § 1746 that:

1. I am a Senior Managing Director at Yorkville Advisors, LLC, the investment manager to YA Global Investments, L.P. ("YA Global"), which is a successor to Cornell Capital Partners, L.P. I submit this declaration on personal knowledge regarding YA Global's investment in Pacific Gold Corp. ("Pacific Gold").

## The Issuance of The Warrant

2. On February 26, 2007, YA Global (then known as Cornell Capital Partners) entered into a Securities Purchase Agreement (the "SPA") with Pacific Gold under which YA Global received a Convertible Note and a Warrant (the "Warrant" or the "YA Global Warrant"). A copy of the SPA, the Convertible Note and the Warrant, as filed by Pacific Gold with the SEC, are annexed as Exhibits A, B and C. The Warrant provided for adjustments to its exercise price in the event Pacific Gold sold shares, or issued convertible instruments, at prices lower than the initial exercise price in the Warrant, subject to certain exceptions. (Ex. C § 8)

## The October 2007 Letter Agreement

3. In October 2007, Pacific Gold sold a Convertible Note and a Warrant to another investor, Crescent International Ltd. ("Crescent"). Simultaneous with the Crescent investment,

1653144-1

YA Global and Pacific Gold entered into a Letter Agreement, dated October 5, 2007 (the "Letter Agreement"), annexed as Exhibit D. In the Letter Agreement, YA Global waived certain of its rights under its Convertible Note and the Warrant and consented to the Crescent investment. YA Global agreed that any later issuances of stock by Pacific Global under the Crescent instruments would not cause an adjustment to the YA Global Warrant unless the conversion rate of the Crescent Debenture or the exercise price of the Crescent Warrant (i) changed or (ii) adjusted, in each case, from the conversion price or exercise price in effect on the date such instruments were originally issued to Crescent. Upon these events, YA Global's Warrant would adjust in accordance with its terms.

4. In paragraphs 3 and 5, YA Global and Pacific Gold agreed that the later issuance of shares under Crescent's Convertible Note and Warrant "as originally issued on the date hereof" would not result in an adjustment to YA Global's Note or its Warrant. However, if the Crescent instruments were changed or adjusted, then YA Global's Convertible Note and Warrant would also adjust, in accordance with their terms. For this reason, Sections 3 and 5 recite that its waiver applies "provided the terms [of the Crescent instruments] are not changed after the date hereof. . . ." In Section 9, the parties addressed the other possible mechanism for a change in the exercise price in the Crescent instruments, namely an adjustment in accordance with their own terms. Section 9 of the Letter Agreement states:

> For purposes of this agreement, if the Crescent Debenture conversion rate or the Crescent Warrant exercise price is adjusted then the exercise price of the YA Global Warrant and the warrant issued on February 26, 2007 to YA Global on assignment from Palisades Master Fund shall each be adjusted pursuant to section 8 and section 3(b), respectively, and the fixed conversion price of the YA Global Debenture, if it is not paid in full, will be adjusted pursuant to Section 5(a) of the YA Global Debenture to the extent such adjustment is below the exercise or conversion price of the YA Global Debenture or Warrants.

2

1653144-1

3

5.    This language makes crystal clear that any adjustment to the conversion rate of the Crescent Convertible Note or the exercise price of the Crescent Warrant, for whatever reason, will result in a corresponding adjustment to the YA Global Warrant.

6.    In February 2012, YA Global sold its Warrant to Black Mountain Equities, Inc.

Dated: May 10, 2012

_____
TROY RILLO