Thomas J. Fleming (admitted *pro hac vice*)
Jennifer L. Heil (JH 4290)
OLSHAN FROME WOLOSKY LLP
*Attorneys for Black Mountain Equities, Inc.,*
*YA Global Investments, L.P., and Yorkville Advisors, LLC*
Park Avenue Tower
65 East 55th Street
New York, NY 10022
(212) 451-2300
tfleming@olshanlaw.com
jheil@olshanlaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BLACK MOUNTAIN EQUITIES, INC.,<br><br>Plaintiff,<br><br>-against-<br><br>PACIFIC GOLD CORP.,<br><br>Defendant. | Docket No. 2:12-cv-01285-ES-CLW<br><br>COUNTERCLAIM DEFENDANTS YA GLOBAL INVESTMENTS, L.P. AND YORKVILLE ADVISORS, LLC'S ANSWER TO AMENDED COUNTERCLAIMS AND COUNTERCLAIMS AGAINST PACIFIC GOLD CORP. |
| PACIFIC GOLD CORP.,<br><br>Counterclaim Plaintiff,<br><br>-against-<br><br>BLACK MOUNTAIN EQUITIES, INC., YA GLOBAL INVESTMENTS, L.P., and YORKVILLE ADVISORS, LLC,<br><br>Counterclaim Defendants. | |

Counterclaim Defendants YA Global Investments, L.P. ("YAG") and Yorkville Advisors, LLC ("Yorkville"), by their attorneys, Olshan Frome Wolosky LLP, for their Answer

1730040-1

to the Amended Counterclaims asserted by Defendant and Counterclaim Plaintiff Pacific Gold Corp. ("PCFG") state:

## JURISDICTION AND VENUE

1. As paragraph 1 of the Amended Counterclaims consists of legal conclusions, aver that no answer is necessary.

2. As paragraph 2 of the Amended Counterclaims consists of legal conclusions, aver that no answer is necessary.

## PARTIES

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Amended Counterclaims.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Amended Counterclaims.

5. Deny the allegations contained in paragraph 5 of the Amended Counterclaims, except admit that YAG was formerly known as "Cornell Capital Partners, L.P."

6. Deny the allegations contained in paragraph 6 of the Amended Counterclaims, except admit that Yorkville is a Delaware limited liability company with its principal place of business at 101 Hudson Street, Suite 3700, Jersey City, New Jersey 07302 and that Yorkville acted as the Investment Manager to YAG.

7. As paragraph 7 of the Amended Counterclaims consists of legal conclusions, aver that no answer is necessary.

## FACTS

8. Deny the allegations contained in paragraph 8 of the Amended Counterclaims, but admit that, on or about February 26, 2007, YAG and Yorkville entered into a Securities

1730040-1

Purchase Agreement, Debenture, and Warrant, but respectfully refer the Court to the Securities Purchase Agreement, the YAG Debenture, and the Warrant for their complete terms.

9. Deny the allegations contained in paragraph 9 of the Amended Counterclaims, and respectfully refer the Court to the Securities Purchase Agreement, the YAG Debenture, and the Warrant for their complete terms.

10. Deny the allegations contained in paragraph 10 of the Amended Counterclaims, and respectfully refer the Court to the YAG Debenture for its complete terms.

11. Deny the allegations contained in paragraph 11 of the Amended Counterclaims, and respectfully refer the Court to the YAG Debenture for its complete terms.

12. Deny the allegations contained in paragraph 12 of the Amended Counterclaims, and respectfully refer the Court to the Warrant for its complete terms.

13. Deny the allegations contained in paragraph 13 of the Amended Counterclaims, and respectfully refer the Court to the Warrant for its complete terms.

14. Deny the allegations contained in paragraph 14 of the Amended Counterclaims, but admit that on or about October 5, 2007, PCFG issued a debenture to Crescent International, and respectfully refer the Court to the Crescent Debenture for its complete terms.

15. Deny the allegations contained in paragraph 15 of the Amended Counterclaims, but admit that the Crescent Debenture contains the quoted language, and respectfully refer the Court to the Crescent Debenture for its complete terms.

16. Deny the allegations contained in paragraph 16 of the Amended Counterclaims, and respectfully refer the Court to the Crescent Debenture and the YAG Debenture for their complete terms.

1730040-1

17. Deny the allegations contained in paragraph 17 of the Amended Counterclaims, but admit that YA Global and PCFG executed a letter agreement dated October 5, 2007, and respectfully refer the Court to the October 5, 2007 letter agreement for its complete terms.

18. Deny the allegations contained in paragraph 18 of the Amended Counterclaims, and respectfully refer the Court to the October 5, 2007 letter agreement for its complete terms.

19. Deny the allegations contained in paragraph 19 of the Amended Counterclaims.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Amended Counterclaims, and respectfully refer the Court to the Crescent Debenture, the YAG Debenture, and the October 5, 2007 letter agreement for their complete terms.

21. Deny the allegations contained in paragraph 21 of the Amended Counterclaims, except admit that YAG did not exercise the Warrant prior to February 26, 2012.

22. Deny the allegations contained in paragraph 22 of the Amended Counterclaims, except admit that on February 14, 2012, BME purchased a Warrant from YAG that PCFG originally issued to YAG on or about February 26, 2007.

23. Deny the allegations contained in paragraph 23 of the Amended Counterclaims.

24. Deny the allegations contained in paragraph 24 of the Amended Counterclaims.

25. Deny the allegations contained in paragraph 25 of the Amended Counterclaims, except admit that BME purchased the Warrant from YAG for $2,575.

26. Deny the allegations contained in paragraph 26 of the Amended Counterclaims.

27. Deny the allegations contained in paragraph 27 of the Amended Counterclaims.

28. Deny the allegations contained in paragraph 28 of the Amended Counterclaims.

1730040-1

## FIRST CAUSE OF ACTION
(Declaratory Relief)

29. Repeat their responses in paragraphs 1 to 28 as if fully set forth herein.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Amended Counterclaims, and, to the extent that paragraph 30 of the Amended Counterclaims consists of legal conclusions, aver that no answer is necessary.

31. Deny the allegations contained in paragraph 31 of the Amended Counterclaims, and, to the extent that paragraph 31 of the Amended Counterclaims consists of legal conclusions, aver that no answer is necessary.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Amended Counterclaims, and, to the extent that paragraph 32 of the Amended Counterclaims consists of legal conclusions, aver that no answer is necessary.

## SECOND CAUSE OF ACTION
(Violation of N.J.S.A. 2A:15-59.1 - New Jersey's Frivolous Litigation Statute)

33. Repeat their responses in paragraphs 1 to 32 as if fully set forth herein.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Amended Counterclaims, and, to the extent that paragraph 34 of the Amended Counterclaims consists of legal conclusions, aver that no answer is necessary.

35. Deny the allegations contained in paragraph 35 of the Amended Counterclaims, but admit in response to paragraph 35 of the Amended Counterclaims that BME was provided with copies of the October 5, 2007 letter agreement and the Crescent Debenture and that those documents were filed with the SEC.

36. Deny the allegations contained in paragraph 36 of the Amended Counterclaims, except admit that the quoted language appeared in email communications to BME from Yorkville. To the extent that paragraph 36 of the Amended Counterclaims consists of legal conclusions, aver that no answer is necessary.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Amended Counterclaims, and, to the extent that paragraph 37 of the Amended Counterclaims consists of legal conclusions, aver that no answer is necessary.

## THIRD CAUSE OF ACTION
(Breach of Covenant of Good Faith and Fair Dealing)

38. Repeat their responses in paragraphs 1 to 37 as if fully set forth herein.

39. Deny the allegations contained in paragraph 39 of the Amended Counterclaims, and, to the extent that paragraph 39 of the Amended Counterclaims consists of legal conclusions, aver that no answer is necessary.

40. Deny the allegations contained in paragraph 40 of the Amended Counterclaims, and, to the extent that paragraph 40 of the Amended Counterclaims consists of legal conclusions, aver that no answer is necessary.

41. Deny the allegations contained in paragraph 41 of the Amended Counterclaims, and, to the extent that paragraph 41 of the Amended Counterclaims consists of legal conclusions, aver that no answer is necessary.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Amended Counterclaims, and, to the extent that paragraph 42 of the Amended Counterclaims consists of legal conclusions, aver that no answer is necessary.

1730040-1

43. Deny the allegations contained in paragraph 43 of the Amended Counterclaims, and, to the extent that paragraph 43 of the Amended Counterclaims consists of legal conclusions, aver that no answer is necessary.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Amended Counterclaims, and, to the extent that paragraph 44 of the Amended Counterclaims consists of legal conclusions, aver that no answer is necessary.

45. Deny the allegations contained in paragraph 45 of the Amended Counterclaims, and, to the extent that paragraph 45 of the Amended Counterclaims consists of legal conclusions, aver that no answer is necessary.

## FOURTH CAUSE OF ACTION
(Indemnification)

46. Repeat their responses in paragraphs 1 to 45 as if fully set forth herein.

47. Deny the allegations contained in paragraph 47 of the Amended Counterclaims, and respectfully refer the Court to the Securities Purchase Agreement for its complete terms.

48. Deny the allegations contained in paragraph 48 of the Amended Counterclaims, and, to the extent that paragraph 48 of the Amended Counterclaims consists of legal conclusions, aver that no answer is necessary.

49. Deny the allegations contained in paragraph 49 of the Amended Counterclaims, and, to the extent that paragraph 49 of the Amended Counterclaims consists of legal conclusions, aver that no answer is necessary.

## FIFTH CAUSE OF ACTION
(Breach of Duty of Good Faith and Fair Dealing)

50. Repeat their responses in paragraphs 1 to 49 as if fully set forth herein.

51. Deny the allegations contained in paragraph 51 of the Amended Counterclaims, and respectfully refer the Court to the YAG Debenture for its complete terms.

52. Deny the allegations contained in paragraph 52 of the Amended Counterclaims, and respectfully refer the Court to the YAG Debenture for its complete terms.

53. Deny the allegations contained in paragraph 53 of the Amended Counterclaims.

54. Deny the allegations contained in paragraph 54 of the Amended Counterclaims.

55. Deny the allegations contained in paragraph 55 of the Amended Counterclaims.

56. Deny the allegations contained in paragraph 56 of the Amended Counterclaims, and, to the extent that paragraph 56 of the Amended Counterclaims consists of legal conclusions, aver that no answer is necessary.

57. Deny the allegations contained in paragraph 57 of the Amended Counterclaims, and, to the extent that paragraph 57 of the Amended Counterclaims consists of legal conclusions, aver that no answer is necessary.

58. Deny the allegations contained in paragraph 58 of the Amended Counterclaims, and, to the extent that paragraph 58 of the Amended Counterclaims consists of legal conclusions, aver that no answer is necessary.

SIXTH CAUSE OF ACTION
(Indemnification)

59. Repeat their responses in paragraphs 1 to 58 as if fully set forth herein.

60. Deny the allegations contained in paragraph 60 of the Amended Counterclaims, and respectfully refer the Court to the Securities Purchase Agreement for its complete terms.

61. Deny the allegations contained in paragraph 61 of the Amended Counterclaims, and, to the extent that paragraph 61 of the Amended Counterclaims consists of legal conclusions, aver that no answer is necessary.

62. Deny the allegations contained in paragraph 62 of the Amended Counterclaims, and, to the extent that paragraph 62 of the Amended Counterclaims consists of legal conclusions, aver that no answer is necessary.

63. Deny the allegations contained in paragraph 63 of the Amended Counterclaims, and, to the extent that paragraph 63 of the Amended Counterclaims consists of legal conclusions, aver that no answer is necessary.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended Counterclaims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Amended Counterclaims are barred by documentary proof to the contrary.

### THIRD AFFIRMATIVE DEFENSE

The Amended Counterclaims are barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

The Amended Counterclaims are barred by PCFG's own breaches of the Warrant.

### FIFTH AFFIRMATIVE DEFENSE

The Amended Counterclaims are barred by the doctrines of laches, waiver, and/or equitable estoppel.

### SIXTH AFFIRMATIVE DEFENSE

The Amended Counterclaims are barred by PCFG's bad faith, fraud, and/or misrepresentation.

1730040-1

## SEVENTH AFFIRMATIVE DEFENSE

The Amended Counterclaims are barred by the doctrines of release and/or relinquishment.

## EIGHTH AFFIRMATIVE DEFENSE

PCFG is barred from any recovery under the Amended Counterclaims because PCFG's own wrongful conduct was the sole and proximate cause of PCFG's alleged damages, if any. In the event fault exists on the part of YAG or Yorkville, which proximately contributed to PCFG's injuries and/or damages, if any, the amount of recovery, if any, shall be reduced on the basis of defendants' comparative fault and/or wrongful conduct which contributed to any injuries and/or damages upon which PCFG is seeking recovery.

## NINTH AFFIRMATIVE DEFENSE

PCFG's claims are barred, and damages requested by PCFG should be substantially reduced, because defendant has failed to mitigate any alleged damages.

## TENTH AFFIRMATIVE DEFENSE

PCFG's claims are barred because the conduct of YAG and/or Yorkville was justified or privileged under the circumstances, in that it did what was reasonably necessary to protect its legitimate business interests.

## ELEVENTH AFFIRMATIVE DEFENSE

YAG and Yorkville reserve the right to rely on any additional defenses to the claims for relief set forth in the Amended Counterclaims that become available or apparent during discovery proceedings in this action, and respectfully reserve the right to amend this Answer for the purpose of asserting such defenses.

## TWELFTH AFFIRMATIVE DEFENSE

PCFG's Amended Counterclaims against YAG and Yorkville rely on client confidences obtained by PCFG's counsel during their prior representation of YAG and Yorkville on matters related to those in the Amended Counterclaims, and should therefore be barred as a result of these conflicts of interest and/or the doctrine of unclean hands.

## COUNTERCLAIM

YA Global Investments, L.P. ("YAG") and Yorkville Advisors, LLC ("Yorkville"), for their Counterclaims against Pacific Gold Corp. ("PCFG") state:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1367.

2. Venue is proper pursuant to 28 U.S.C. § 1391(a) because the Securities Purchase Agreement at issue in these Counterclaims provides that the parties consent to the jurisdiction and venue of this Court for the adjudication of any related action.

## FACTS

3. On February 26, 2007, YAG, which was then known as Cornell Capital Partners, L.P., and PCFG entered into a Securities Purchase Agreement ("SPA"), pursuant to which the Warrant and the YAG Debenture were issued. Yorkville signed the SPA on YAG's behalf as its Investment Manager.

4. Paragraph 8(a) of the SPA provides in pertinent part:

> In consideration of the Buyer's execution and delivery of this Agreement and acquiring the Convertible Debentures and the Conversion Shares hereunder, and in addition to all of the Company's other obligations under this Agreement, the Company shall defend, protect, indemnify and hold harmless the Buyer(s) and each other holder of the Convertible Debentures and the Conversion Shares, and all of their officers, directors, employees and agents (including, without limitation, those retained in

11

connection with the transactions contemplated by this Agreement) (collectively, the "Buyer Indemnitees") from and against any and all actions, causes of action, suits, claims, losses, costs, penalties, fees, liabilities and damages, and expenses in connection therewith (irrespective of whether any such Buyer Indemnitee is a party to the action for which indemnification hereunder is sought), and including reasonable attorneys' fees and disbursements (the "Indemnified Liabilities"), incurred by the Buyer Indemnitees or any of them as a result of, or arising out of, or relating to . . . (c) any cause of action, suit or claim brought or made against such Buyer Indemnitee and arising out of or resulting from the execution, delivery, performance or enforcement of this Agreement or any other instrument, document or agreement executed pursuant hereto by any of the parties hereto, any transaction financed or to be financed in whole or in part, directly or indirectly, with the proceeds of the issuance of the Convertible Debentures or the status of the Buyer or holder of the Convertible Debentures or the Conversion Shares as a purchaser of Convertible Debentures in the Company and based upon a misrepresentation or breach referred to in the preceding clauses (a) and (b). To the extent that the foregoing undertaking by the Company may be unenforceable for any reason, the Company shall make the maximum contribution to the payment and satisfaction of each of the Indemnified Liabilities, which is permissible under applicable law.

5. As set forth above, the SPA requires PCFG to indemnify and hold harmless YAG and Yorkville for any "suit or claim" arising out of the "execution, delivery, performance or enforcement of [the SPA] or any other instrument, document or agreement executed pursuant [t]hereto by any of the parties [t]hereto."

6. PCFG has filed counterclaims against YAG and Yorkville in this action, thus requiring YAG and Yorkville to incur substantial attorneys fees and expenses in defending such claims.

FIRST CAUSE OF ACTION
(Breach of Contract)

7. YAG and Yorkville repeat the allegations in paragraphs 1 to 6 above.

8. PCFG, YAG entered into the SPA on or about February 26, 2007, with Yorkville acting as YAG's agent in connection therewith.

9. As described above, PCFG has filed counterclaims against YAG and Yorkville in this action, which arise out of the "execution, delivery, performance or enforcement of [the SPA] or any other instrument, document or agreement executed pursuant [t]hereto by any of the parties [t]hereto."

10. Pursuant to the SPA, PCFG is required to indemnify YAG and Yorkville as YAG's agent in this action because it qualifies as a "suit or claim" made against YAG and Yorkville arising out of or resulting from the execution, delivery, performance, or enforcement of the SPA and the related Warrant and YAG Debenture.

11. As a result, PCFG must indemnify YAG and Yorkville including, but not limited to, payment of all related legal fees and expenses incurred as a result of YAG's and Yorkville's inclusion as counter-defendants in this action.

12. To date, PCFG has not indemnified YAG and/or Yorkville, and specifically has not provided YAG and/or Yorkville with payment of any related legal fees and expenses relating to this action. YAG and Yorkville have suffered damages as a result of PCFG's failure to provide indemnification pursuant to the SPA in an amount to be determined at trial.

13. PCFG is thus in breach of paragraph 8 of the SPA.

SECOND CAUSE OF ACTION
(Declaratory Relief)

14. YAG and Yorkville repeat the allegations in paragraphs 1 to 13 above.

15. For reasons including but not limited to those stated herein, an actual dispute exists between YAG and Yorkville, on the one hand, and PCFG, on the other hand, which parties have genuine and opposing interests, which interests are direct and substantial, and of which a judicial determination will be final and conclusive.

1730040-1

16.     YAG and Yorkville are entitled to indemnification by PCFG pursuant to the SPA with respect to all fees and expenses incurred relating to this action.

17.     YAG and Yorkville are therefore entitled to a declaratory judgment that, pursuant to the SPA, PCFG must provide indemnification with respect to this action, including but not limited to payment of all related legal fees and expenses.

WHEREFORE, it is respectfully submitted that judgment be entered in favor of YAG and Yorkville dismissing with prejudice the causes of action or claims for relief set forth in the Amended Counterclaims in their entirety as against YAG and Yorkville, denying the requests of PCFG for relief, requiring PCFG to indemnify YAG and YA Global with respect to this action, including but not limited to payment of all legal fees and expenses, and granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
       July 25, 2012

OLSHAN FROME WOLOSKY LLP

By: _____
Jennifer L. Heil (JH 4290)
*Attorneys for Black Mountain Equities, Inc., YA Global Investments, L.P., and Yorkville Advisors, LLC*
744 Broad Street, 16th Floor
Newark, New Jersey 07102
jheil@olshanlaw.com

Thomas J. Fleming (admitted *pro hac vice*)
Park Avenue Tower
65 East 55th Street
New York, NY 10022
(212) 451-2300
tfleming@olshanlaw.com